FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS S.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | NO. 2:25-CV-0165-TOR<br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment for

judicial review of Defendant's denial of his application for Title II and Title XVI

under the Social Security Act (ECF No. 7). This matter was submitted for

consideration without oral argument. The Court has reviewed the record and files

herein and is fully informed. For the reasons discussed below, Plaintiff's Motion

for Summary Judgment (ECF No. 7) is DENIED and Defendant's denial of his

application for Title II and Title XVI under the Social Security Act is AFFIRMED.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

## STANDARD OF REVIEW

It is the administrative law judge's (ALJ) job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert*, 980 F.3d at 1277 (quoting *Treichler*, 775 F.3d at 1098). The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)) (internal quotations omitted). On that note, it is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected. *Lambert*, 980 F.3d at 1277 (9th Cir. 2020) (quoting *Treichler*, 775 F.3d at 1098).

The Court reviews the agency's findings to determine whether they are supported with substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g). In this context, the threshold is not high. *Biestek*, 587 U.S. at 103. Substantial evidence is present when there is "'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103. In other words, "such relevant evidence as a reasonable

1    mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103

2    (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

3    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

4    The Commissioner uses a five-step sequential process to decide whether a

5    claimant is considered disabled. 20 C.F.R. §§ 404.1520(a)(1); 416.920(a)(1). The

6    Commissioner considers all evidence in the record to make this determination. 20

7    C.F.R. §§ 404.1520(a)(3); 416.920(a)(3). Disability is defined "as the inability to

8    do any substantial gainful activity by reason of any medically determinable

9    physical or mental impairment which can be expected to result in death or which

10   has lasted or can be expected to last for a continuous period of not less than 12

11   months." 20 C.F.R. §§ 416.905(a); 404.1505(a). This requires a severe

12   impairment that makes the claimant unable to complete the claimant's past relevant

13   work or any other substantial gainful work. 20 C.F.R. §§ 404.1505(a); 416.905(a).

14   At each step, the Commissioner may find a claimant either not disabled or

15   disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). If the claimant is found

16   disabled then the process stops and the determination is made. 20 C.F.R. §§

17   404.1520(a)(4); 416.920(a)(4). However, step three to four, the Commissioner

18   assesses residual function capacity ("RFC"). *Id.* Then steps four and five the

19   Commissioner evaluates the claimant's claim. *Id.*

20   At step one, the Commissioner considers the claimant's work activity and if

the Commissioner decides that the claimant is doing substantial gainful activity, then the Commissioner will find the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  Substantial gainful activity is both substantial and gainful work activity.  20 C.F.R. § 404.1572.  Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before.  20 C.F.R. §§ 404.1572(a); 416.972(a).  Gainful work activity is work done for pay or profit even if the profit is not realized.  20 C.F.R. §§ 404.1572(b); 416.972(b).  Put together, "Substantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit."  20 C.F.R. §§ 404.1510; 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s).  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the Commissioner will deem the claimant as not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).

At step three, the Commissioner continues to consider the claimant's medical severity of claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the claimant falls under one of the listings in appendix 1 and

fulfills this subpart and the durational requirement, then the Commissioner will determine the claimant as disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education and work experience to settle on any possible adjustments to other work.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If this is possible, then the Commissioner will rule that the claimant is not disabled.  However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).

Once a claimant proves that: "'(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations'", then the claimant must be found disabled.  *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955

(9th Cir. 2002)).  However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ... she is not able to perform any work that she has done in the past.'"  *Hoopai*, 499 F.3d at 1074 (quoting *Barnhart,* 278 F.3d at 955).  After the claimant establishes their prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy."  *Hoopai*, 499 F.3d at 1074–75 (quoting *Barnhart,* 278 F.3d at 955).

## ALJ FINDINGS

The claimant alleges the beginning of his disability was October 1, 2019.  Tr. 17.  On January 10, 2022, Plaintiff filed a Title II and Title XVI application for disability insurance and supplemental security income benefits under the Social Security Act ("SSA").  Tr. 17.  Both applications were initially denied and after reconsideration.  Tr. 17.

After a telephonic hearing, the ALJ submitted a series of findings.  Tr. 17-29.  The ALJ found that the claimant met the requisites for insured status through December 31, 2024.  Tr. 19.  Also, the claimant had not engaged in any substantial gainful activity from October 1, 2019, to the alleged onset date.  Tr. 19.

The claimant was determined to have severe impairments including obesity, lumbar degenerative disc disease with radiculopathy, and cervical degenerative

disc disease.  Tr. 19.  The ALJ found that the impairments significantly limited the ability of claimant to perform basic work activities.  Tr. 20.  On the other hand, the claimant's mental impairments of depression and anxiety "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe."  Tr. 20.  Accordingly, the ALJ concluded that the claimant did not have an impairment or a combination of impairments that meet the required severity level or met one of the listed impairments including the ones listed under the appendix.  Tr. 21.

At step four, the ALJ found that the claimant had the RFC "to perform the full range of light work."  Tr. 22.  Additionally, he found that the claimant can lift or carry up to 20 lbs. and may stand or walk for at least four hours in a workday.  Tr. 22.  The ALJ continues that the claimant cannot use foot control and must avoid moving dangerous machinery and unprotected heights.  Tr. 22.

The ALJ held the claimant was unable to perform any past relevant work.  Tr. 27.  The ALJ states the "apparent disconnect between the claimant's extensive complaints and the findings on his exams and the vague manner in which he has described his symptoms has led some of his providers to speculate that the claimant may be exaggerating the severity of his complained of symptoms."  Tr. 24.  Based on this and similar notions, the ALJ did not find claimant's testimony persuasive and determined it contradicted the medical record.  Tr. 22-25.  The ALJ

1    addresses multiple medical professionals and their persuasiveness.  Tr. 24-26.

2         At step five, after considering the claimant's age, education, work

3    experience, and RFC, the ALJ found that the claimant can perform jobs "that exist

4    in significant numbers in the national economy."  Tr. 27.  The claimant had the

5    RFC to engage in full range of light work.  Tr. 28.  Some potential occupations

6    include a routing clerk, collateral operator, and retail price marker.  Tr. 28.

7    Accordingly, the ALJ decided that the claimant was not under a disability as

8    defined under the SSA from October 1, 2019, through the date of the decision.  Tr.

9    29.

10         Plaintiff requests the Court to find Plaintiff is entitled to an award of social

11    security benefits, as requested.  ECF No. 5 at 2.  In the alternative, the Court

12    should remand to develop the record further and allow Plaintiff to include

13    additional medical and vocational expert testimony.  ECF No. 5 at 2.

14                              **ISSUES**

15         Plaintiff assigns three issues to the ALJ's decision on Plaintiff's denial of

16    Title II Social Security Disability and Title XVI Supplemental Security Income

17    benefits.  ECF No. 7 at 3, 7.

18    I.    Whether the ALJ improperly evaluated the medical evidence when

19         analyzing Plaintiff's credibility and whether that led the ALJ's RFC

20         determination to be unsupported by sufficient evidence causing a legal

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    error.

2    II.    Whether the ALJ failed to properly evaluate the psychological

3         medical evidence of Plaintiff's adjustment disorder diagnosis.

4    III.    Whether the ALJ erred by determining Plaintiff as not disabled when

5         the ALJ failed to meet his burden at step five when the ALJ

6         considered Plaintiff's functional impairments.

7    ECF No. 7 at 7-15.

8                    **DISCUSSION**

9    **I.    The ALJ properly evaluated with sufficient evidence regarding**

10        **the medical evidence to determine Plaintiff's residual functional**

11        **capacity.**

12        "'The credibility determination is exclusively the ALJ's to make,' and '[w]e

13    are constrained to review the reasons the ALJ asserts.'" *Lambert v. Saul*, 980 F.3d

14    1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494

15    (9th Cir. 2015)) (quotations and emphasis omitted).  When the ALJ determines the

16    credibility of a claimant's subjective testimony, the ALJ uses a two-step process.

17    *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The first step requires the

18    ALJ to "determine whether the claimant has presented objective medical evidence

19    of an underlying impairment which could reasonably be expected to produce the

20    pain or other symptoms alleged." *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter*

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    *v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir. 2007)).  The claimant only needs to

2    "show that it could reasonably have caused some degree of the symptom."

3    *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter,* 504 F.3d at 1035–36).

4        The second step states when the ALJ "determines that a claimant for Social

5    Security benefits is not malingering and has provided objective medical evidence

6    of an underlying impairment which might reasonably produce the pain or other

7    symptoms she alleges, the ALJ may reject the claimant's testimony about the

8    severity of those symptoms.  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020)

9    (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations

10   omitted).  The rejection of claimant's testimony about the severity of symptoms

11   requires the ALJ to provide "specific, clear, and convincing reasons for doing so."

12   *Lambert*, 980 F.3d at 1277 (quoting *Brown-Hunter*, 806 F.3d at 488–89). (citations

13   omitted).  In pursuant of this, the ALJ must "specifically identify the testimony

14   [from a claimant] she or he finds not to be credible and ... explain what evidence

15   undermines that testimony."  *Lambert*, 980 F.3d at 1277 (quoting *Treichler v.*

16   *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations

17   omitted).  However, "[c]ontradiction with the medical record is a sufficient basis

18   for rejecting the claimant's subjective testimony."  *Carmickle v. Comm'r, Soc. Sec.*

19   *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

20

Next, under 20 C.F.R. §§ 404.1520c and 416.920c, the ALJ's guidelines for how to consider and articulate medical opinions and prior administrative medical findings are laid out.  With these regulations, the ALJ is not required to provide "'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citations omitted).

The new regulations focus on supportability and consistency when evaluating the persuasiveness of an opinion. *Woods*, 32 F.4th at 791.  Supportability "means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)).  On the other hand, "consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).  Essentially, the ALJ must explain the persuasiveness of all the medical opinions from each physician or possible other source. *Woods*, 32 F.4th at 792.  Additionally, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).  An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting

1    *Carmickle,* 533 F.3d at 1162). To effectuate this, the Court reviews the record as a

2    whole to determine whether the error altered the result of the case. *Molina*, 674

3    F.3d at 1115.

4          Plaintiff argues that the ALJ failed to properly analyze the credibility of

5    Plaintiff and the medical evidence. ECF No. 7 at 7. Plaintiff argues that the RFC

6    is not based upon sufficient evidence, and this was not harmless error. ECF No. 7

7    at 7. Plaintiff continues that the EMG and radiological evidence are irrefutable.

8    ECF No. 7 at 8. Plaintiff addresses different MRIs, and EMG findings to show

9    that these are consistent and to suggest that the ALJ's issue of credibility was

10   wrong. ECF No. 7 at 8-10. Additionally, the ALJ erred in suggesting malingering

11   because Plaintiff communicates poorly. ECF No. 7 at 14. Defendant argues his

12   RFC finding was supported by the medical opinions and therefore is backed with

13   sufficient evidence. ECF No. 9 at 5.

14         The Court must determine whether the ALJ provided sufficient evidence to

15   support his determination. While Plaintiff provides medical records and testimony

16   and states the effect on Plaintiff this does not mean that Defendant does not have

17   sufficient evidence because Plaintiff provides evidence supporting his conclusions.

18   ECF No. 7 at 11-12. Additionally, Plaintiff provides explanations for

19   inconsistencies or clarification of specific medical reports or where they are

20   supported elsewhere in the record. ECF No. 7 at 12-13. Again, the Court

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    determines whether the ALJ committed legal error or did not deliver sufficient

2    evidence of his conclusion, otherwise the Court will affirm the ALJ's decision.

3    *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  In other words,

4    explanations of other interpretations are not sufficient to prove legal error or a

5    failure of sufficient evidence of the ALJ's conclusion.  *Holohan v. Massanari*, 246

6    F.3d 1195, 1201 (9th Cir. 2001) (stating that the Court may not substitute the

7    ALJ's judgment if the evidence can support either outcome) (quotations omitted).

8        Furthermore, Plaintiff argues that the ALJ suggests Plaintiff exaggerated his

9    symptoms, but this is only present one time in the record.  ECF No. 7 at 13.

10   Plaintiff clarifies that the ALJ never confirmed malingering.  ECF No. 7 at 14.

11       The ALJ does not explicitly state a finding of malingering, but this is proven

12   with affirmative evidence.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

13   1160 (9th Cir. 2008) (stating malingering was not present when the ALJ did not

14   conclude a finding of malingering, nor did the Court see any affirmative evidence

15   of the same).  The ALJ explains his concern that there is a disconnect between the

16   Plaintiff's statements and the exam findings.  Tr. 24.  The ALJ infers this "led

17   some of his providers to speculate that the claimant may be exaggerating the

18   severity of his complained of symptoms."  Tr. 24.  Dr. Flavin's report states

19          No obvious synovitis on peripheral joint exam. When he is distracted,
            I do not detect any focal deficits, but when I asked him to abduct his
20          arms, so I can test resistance strength, he found it very difficult to do
            that and had an exaggerated effort by closing his eyes and straining

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1   his neck backwards to do this movement. The same thing happened
2   when I examined his lower extremities. When I asked him to get out
    of his seat, he had to focus and concentrate to stand up, but while we
3   were talking, I saw him adjust his pants and get out of a chair without
    any difficulty.

4   Tr. 785.

5         Dr. Flavin also states "[h]e exhibited exaggerated behaviors and posturing

6   and so I am suspecting that his symptoms may be more psychosomatic or related to

7   somatization." Tr. 786. However, Dr. Flavin does find evidence of cervical and

8   lumbar radiculopathy but was unsure if that was the explanation for his description

9   of symptoms. Tr. 786. The report continues that Plaintiff "describes a lot of vague

10  sounding neuromuscular symptoms that we have not been able to tie in with the

11  findings on his MRI." Further, Plaintiff struggles to explain what he is feeling but

12  is not "endorsing a significant amount of pain … just general discomfort." Tr. 784.

13        Additionally, Defendant explains that the state agency medical consultant,

14  Norman Staley found that Plaintiff could perform light work. ECF No. 9 at 5; Tr.

15  24. The agency consultants found the same. ECF No. 9 at 5. However, the ALJ

16  did find many of the agency consultants' opinions were unpersuasive, finding the

17  Plaintiff to be more limited, particularly in climbing movements. Tr. 23-25. The

18  consultants found Plaintiff less limited than what the ALJ determined. Tr. 23-25.

19  This evidence altogether provides "more than a mere scintilla" of evidence or that

20  a reasonable person "might accept as adequate to support a conclusion." *Biestek*,

1    587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S.

2    197, 229 (1938)).

3        Plaintiff argues with further support from the record of Plaintiff's sister that

4    the failure to articulate, as seen with Dr. Flavin, is in line with his sister's

5    testimony. ECF No. 7 at 13. While this interpretation may be reasonable, the

6    ALJ's interpretation is also reasonable. The ALJ provided direct statements from

7    the medical opinion to show there may be some exaggeration on behalf of Plaintiff.

8    The evidence is reasonable to support this conclusion. Tr. 784-86.

9        Even more, this statement from the ALJ consists of one paragraph in the

10    many pages of the decision. Tr. 24. Also, Plaintiff points out that the ALJ only

11    cites to one opinion for this. ECF No. 7 at 13. However, the conclusion was

12    reasonable and does not result in legal error. Regardless, it is unlikely that this one

13    paragraph was a determining factor that would change the outcome. The ALJ

14    provided paragraphs examining the medical record and inconsistencies in

15    Plaintiff's testimony. Tr. 22-25. For example, "claimant alleges significant

16    atrophy, weakness, and intermittent tingling involving his right calf (Ex. 8F/123,

17    156) the record shows that, on exam, he was noted to have only mild right calf

18    atrophy (Ex. 8F/158)." Tr. 24. Therefore, this is not a legal error warranting

19    reversal.

20        Furthermore, Plaintiff contends that the ALJ assumed and implied that

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

Plaintiff declined surgery because his impairment was not as severe as he suggested.  ECF No. 7 at 14.  Plaintiff expresses that this is not true and the ALJ unfairly disregarded the reasons for denying the surgery.  ECF No. 7 at 14.

At the end of the previously discussed paragraph in the ALJ's decision, the ALJ states Plaintiff declined surgery.  Tr. 24.  This could suggest this supports the same conclusion that Plaintiff was exaggerating his condition.  However, this is only one sentence in the ALJ's decision.  Tr. 24.  It is very unlikely that this one statement would change the outcome of the determination.  Regardless, the Court determined there is sufficient evidence for the ALJ's decision.  As a result, even if there is an error, it was harmless.  The ALJ's conclusion is supported with sufficient evidence.

## II.    The ALJ Properly Evaluated the Psychological Medical Evidence of Plaintiff's Adjustment Disorder Diagnoses.

Plaintiff argues that the ALJ erred when failing to consider adjustment disorder as a proper diagnosis and focusing on depression and anxiety.  ECF No. 7 at 16.  Plaintiff continues that this failure is not harmless error.  ECF No. 7 at 16.  Plaintiff agrees that his depression and anxiety are non-severe because the record does not support otherwise.  ECF No. 7 at 15.  Plaintiff states that Dr. Flavin, Dr. Butler, and Samantha Baker all found Plaintiff to have adjustment disorder.  ECF No. 7 at 16.  Plaintiff agrees that his depression and anxiety are non-severe because

they are not supported by the record.  ECF No. 7 at 15.

Plaintiff does not specify which functional area that the ALJ erred when failing to consider adjustment disorder.  Even more, Plaintiff does not specify how these diagnoses of adjustment disorder limit him further than the ALJ determined. ECF No. 7 at 16-17.  Plaintiff seems to argue that this diagnosis explains some of his symptoms and struggles.  *Id.*  However, it is unclear how this limits him further than the ALJ concluded.  As a result, this does not show the ALJ erred in anyway.

The ALJ exemplified sufficient evidence when detailing the mental impairments.  Tr. 20.  The ALJ examined each functional area and found a mild limitation in each.  Tr. 20.  The ALJ considered Plaintiff's ability to understand, remember or apply information may be affected with Plaintiff's presence of depression.  Tr. 20, 547, 674.  The ALJ considered this without Plaintiff's testimony showing the ALJ considered the evidence in the record, too. Additionally, the ALJ reviewed the Plaintiff's functional report exhibiting socialization with others via text and in person.  Tr. 20, 343.  However, the tests for anxiety and depression suggested a mild limitation.  Tr. 20.  The ALJ found on Plaintiff's mental status exams he claimed to have a "euthymic mood and affect." Tr. 20, 627.  As a result, this is a reasonable outcome and shows sufficient evidence.  The ALJ's conclusion should not be disrupted.

The ALJ did not address the adjustment disorder because it did not meet the

requirements of a medically determinable mental impairment under step three. Tr. 19-20; *See* § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1 (pt. A). For example, Dr. Butler, who was one of the physicians to diagnosis Plaintiff, was found to have an unpersuasive opinion. Tr. 26. This was because Dr. Butler did not provide an explanation for his opinion, and it is inconsistent with the Plaintiff's record. Tr. 26. Plaintiff argues this impairment is severe but does not further address how it is considered a severe impairment under the SSA.

Basic work activities must be impaired to meet the requirement and these include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1522. However, in the record where adjustment disorder is described, the explanation does not dive into evidence showing any of these capabilities being hindered. Tr. 92-94, 107, 498. For example, it is suggested that stress from the disorder may affect relationships but does not expand into these issues. Tr. 498. Nevertheless, as discussed, the ALJ provided sufficient evidence

1   for his conclusion.

2   Based on the lack of evidence to show how the adjustment disorder caused

3   serious limitations and the sufficient evidence of the ALJ to support his findings, the

4   ALJ's conclusion should not be disrupted.

5   **III.    The ALJ did not err because the ALJ met his burden at step five**

6   **of the five-step sequential evaluation process.**

7   Plaintiff contends that the ALJ erred when he relied on the opinion that

8   Plaintiff is not disabled and that it was inconsistent with the objective medical

9   findings.  ECF No. 7 at 17.  Plaintiff furthers that if the ALJ takes the medical

10  evidence and Plaintiff's complaints as consistent and persuasive then the ALJ must

11  do the same regarding his ability to function.  ECF No. 7 at 17.  Also, the ALJ

12  should consider Plaintiff's testimony of his daily functioning which proves he is

13  only capable of a sedentary functional capacity.  ECF No. 7 at 18.

14  The ALJ may disregard a claimant's testimony as long as it is backed by

15  sufficient evidence and the ALJ provides clear and convincing reasons unless there

16  is a finding of malingering.  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

17  Inconsistency or contradiction is a sufficient reason to discredit a claimant's

18  testimony.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir.

19  2008).  As discussed, the ALJ provided evidence of malingering.  While the ALJ

20  could have elaborated on this and clearly stated a finding of malingering, this is not

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

enough to consider an adjustment to the judgment. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (stating the Court must uphold the ALJ's decision even if his decision is expressed with unclarity as long as the ALJ's logic may be reasonably followed).

Here, the ALJ stated the reason for discounting Plaintiff's testimony is because it was inconsistent with the record as a whole and the medical evidence. Tr. 22-23. The ALJ addressed Plaintiff's history of medical examinations, EMG's, radiology results, etc. Tr. 23-25. The ALJ recognized significant results in the radiology and EMG results. Tr. 23. However, the ALJ also found that during physical exams, he did not have the lack of functioning consistent with Plaintiff's claims. Tr. 24. Contradiction is sufficient. *Carmickle*, 533 F.3d at 1161.

Additionally, the ALJ expresses that the exam showed a limited range in the lumbar spine but also found Plaintiff to have normal muscular bulk and tone. Tr. 24. Plaintiff had an unremarkable gait and was able to walk heel to toe and have a negative straight leg test. *Id.* Plaintiff had full range of motion in his cervical and lumbar spines. *Id.* The ALJ even addressed that Plaintiff had a history of some abnormal gait, but it is frequently more observed as normal or unremarkable. *Id.*

The ALJ similarly supports his finding when reviewing the medical opinions. Dr. Stanley was found as partially persuasive where the Plaintiff should be limited to work at a light exertional level, however, the ALJ found the record to

show severe enough limitation to preclude Plaintiff from climbing because of his

lumbar and cervical degenerative disc disease and radiculopathy.  Tr. 25.  The ALJ

found Dr. Thommen to be unpersuasive because the ALJ found Plaintiff's

limitations as more severe than she opined.  Tr. 26.  This shows the ALJ provided

enough reasoning with detailed explanations and references to the record to meet

the standard for sufficient evidence.  The ALJ addressed the limitations and

inconsistencies to support his claim.  A reasonable party could determine that a

light physical exertion conclusion is reasonable.  This is more than a simple

scintilla worth of evidence.

Plaintiff argues Dr. Flavin's statement of his behavior may be caused by

psychological overlay.  ECF No. 7 at 17.  Plaintiff continues that his testimony is

consistent and persuasive and shows his functioning is impaired supported by the

objective medical evidence.  *Id.*  This is based on a possible explanation from Dr.

Flavin.  ECF No. 7 at 17.  Plaintiff continues that his functioning is not consistent

with light physical exertion but does not provide further evidence of this beyond

his own testimony.  *Id.*  As was discussed, the ALJ provided sufficient evidence for

his reasoning of the decision on Plaintiff's functional impairments.  The ALJ's

understanding is one a reasonable mind could conclude and is more than a mere

scintilla.  Accordingly, the Court must not disrupt his decision absent legal error or

sufficient evidence.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 7) is **DENIED.**

2. Defendant's Response Brief (ECF No. 9) is **GRANTED.**  The Commissioner's final decision is **AFFIRMED.**

The District Court Executive is directed to enter this Order and judgment accordingly, furnish copies to counsel, and **CLOSE** this file.

DATED November 3, 2025.



THOMAS O. RICE
United States District Judge